CITIZENS NAT. BANK *v.* YAZOO GROCERY CO. ET AL.

[73 South. 877—72 South. 201, *In banc.*]

FRAUDULENT CONVEYANCES. *Assignment of insurance policy. Statute.*

Under Acts 1908, chapter 100, section 2, requiring the holder of insurance policies upon a stock of merchandise destroyed by fire to notify his creditors for merchandise, within five days, of the loss, and the amount of insurance carried, and providing that no such policy shall be assigned for ten days after such notice, nor insurance paid for fifteen days after the fire, where the holder of a fire insurance policy on merchandise assigned the proceeds of the policy, eight days after the merchandise was totally destroyed by fire, to one of his creditors without giving notice to other creditors and the policy was paid less than fifteen days after the fire, in such case the assignee creditor was a trustee of the funds so paid him for the benefit of all the creditors of insured, including such assignee, it being the intention of such statute to protect all creditors of insured.

APPEAL from the chancery court of Yazoo county.

HON. ALLEN THOMPSON, Special Chancellor.

Suit by the Yazoo Grocery Company and others against the citizens National Bank and another. From a decree for plaintiff, the named defendant appeals.

On March 4, 1911, the Loch Lomond Lumber Company insured certain of its property, consisting of a storehouse, furniture, fixtures, and stock of merchandise, for the sum of twenty-seven hundred dollars. On March 12th this property was totally destroyed by fire. On March 20th this company through its president, Vincent, executed to the citizen's National Bank of Vicksburg, Miss., one of

its creditors, a written assignment of the proceeds of the policy. Mr. Vincent requested the cashier of the bank that upon collecting the proceeds of the policy he desired that the bank should pay itself what the lumber company owed it, and pay his attorney a fee of one hundred dollars for legal services rendered in connection with the assignment and deposit the balance of the money in the bank to the credit of the Big Four Stave Company, of which Vincent's father was president, and which company was also a creditor of the Loch Lomond Lumber Company. Afterwards a compromise adjustment of the loss for the sum of fifteen hundred dollars was made, and the proceeds deposited in the Citizens' National Bank on May 3, 1911, and from the proceeds checks were promptly drawn to pay the claims of the bank, the attorney's fee, and one other claim left with the bank for collection. No notice of the loss was mailed to creditors, as provided by chapter 100, Laws 1908, and on June 2, 1911, appellees, who were creditors of the Loch Lomond Lumber Company, filed their bill against said lumber company and the appellant bank to set aside the assignment of the proceeds of the policy of insurance, and since the claims of the complaining creditors amounted to more than the proceeds of the insurance policy that the amount collected be applied to the payment of complainants' claims. From a decree granting the relief sought, the bank appeals.

*Hudson & McKay* and *Anderson, Voller & Kelly,* for appellant.

*Campbell & Campbell, E. L. Brown* and *Barnett & Perrin,* for appellees.

Holden, J., delivered the opinion of the court.

We think the decree of the chancellor is wrong in this that the appellant was denied the right to share *pro rata* with the other creditors of the Loch Lomond Mill & Lumber Company in the distribution of the proceeds of the insurance policy collected by appellant on the property

destroyed by fire. We are of opinion that the assignment of the proceeds of the insurance policy by the debtor to appellant bank, without notice to his creditors within five days after such loss, and the assignment being made before the expiration of ten days after the fire and such notice, and the payment of the policy to the assignee bank before fifteen days elapsed after the fire was a flagrant violation of the statute. Chapter 100, section 2, p. 90, Acts 1908. We here set out the act:

"That in case of the destruction of a stock of merchandise by fire upon which there is insurance against such loss, the holder of such insurance policies shall within five days after such loss notify his creditors to whom he is indebted for merchandise, of his loss and the amount of insurance carried, and no such policy or policies of insurance shall be transferred or assigned for ten days after such notice, nor shall any such insurance be paid for fifteen days next after the occurrence of any such fire.".

The violation of the law by the appellant in obtaining the proceeds of the policy and appropriating it to the payment of its own claim and other debts due by the debtor, as directed by him, to the exclusion of the claims of appellee creditors, renders appellant trustee of the funds for the benefit of all creditors. Ruling Case Law, vol. 12, pp. 529, 530; *Fecheimer Keifer Co.* v. *Burton,* 128 Tenn. 682, 164 S. W. 1179, 51 L. R. A. (N. S.) 342.

We think the statute was enacted for the purpose of preventing what happened in this case. It was evidently intended to protect all creditors, and if it does not apply in the case before us, it is indeed valueless for that purpose.

The decree of the chancellor will be reversed, and the case remanded, with direction that the lower court distribute the funds *pro rata* to all of the creditors whose claims are just, and appear as such, including those claim paid by appellant. The one hundred dollars attorneys' fee to be first allowed out of the funds.

*Reversed and remanded.*