### In re STAR GROCERY CO.

### PEOPLE'S BANK & TRUST CO. v. ROGERS.

### No. 780.

District Court, N. D. Mississippi, E. D.
Jan. 11, 1933.

C. R. Bolton, of Tupelo, Miss., for petitioner.

S. E. Lumpkin, of Tupelo, Miss., for trustee.

HOLMES, District Judge.

The Star Grocery Company was engaged in the mercantile business in Tupelo, Miss. On November 2, 1930, for the purpose of securing an indebtedness to the People's Bank & Trust Company, it assigned and delivered to the bank two fire insurance policies on its stock of goods. The property so insured was destroyed by fire on September 5, 1931, while the policies were so held. Subsequently the Star Grocery Company was duly adjudged a bankrupt, upon its petition filed on October 20, 1931. The indebtedness secured by the assignment exceeds the proceeds of the insurance.

By agreement between the liquidating agent of the bank and the trustee in bankruptcy, the money due upon the policies was paid

over to the latter without prejudice to the bank's claim. The regular referee being disqualified, the claim of the bank for priority of payment was referred to a special master, who has recommended that the claim be disallowed, on the ground that the assignment was, as a matter of law, fraudulent and void as to creditors under sections 3352, 3353, and 3354, of the Mississippi Code of 1930. Exceptions to the master's report were duly filed, and challenge the accuracy of his ruling.

Section 3352, commonly called the Sign Statute, provides, in substance, that, if a person shall transact business as a trader, or otherwise, with the addition of the words "agent," "and company," or like words, and fail to disclose the name of his principal or partner by a sign in letters easy to be read, placed conspicuously at the house where such business is transacted, or shall transact business in his own name without any such addition, all the property, stock, money, and choses in action used or acquired in such business shall, as to the creditors of any such person, be liable for his debts, and be in all respects treated in favor of his creditors as his property.

Section 3353, generally known as the Bulk Sales Law, forbids the sale of an entire stock of merchandise in gross, or of any portion thereof otherwise than in the ordinary course of trade, unless, at least five days before the sale (a) the seller shall have made a full and detailed inventory showing the quantity and cost price of each article sold; and (b) the purchaser in good faith shall have made full and explicit demand of the seller for the name, place of residence and business, and post office address of each of his creditors, and the sum due each, and to which demand the seller shall have made full and truthful written answers; and (c) the purchaser in good faith shall have notified personally or by mail each of the seller's creditors, of whom he has knowledge, or with the exercise of reasonable diligence could have acquired knowledge, of the proposed sale and of the cost price of the merchandise proposed to be sold and of the price to be paid therefor by the proposed purchaser.

Section 3354 provides that, in case of the destruction of a stock of merchandise by fire upon which there is insurance, the holder of the policies shall, within five days after loss, notify his creditors to whom he is indebted for merchandise, stating the amount of insurance carried, and that no policy of insurance shall be transferred or assigned for ten days after such notice, nor shall any such insurance be paid for fifteen days next after the occurrence of such fire.

The attorney for the trustee concedes that the assignment is valid unless rendered void by one or more of the statutes of fraud above mentioned.

■ The Sign Statute is not applicable, because the policies before loss were merely executory contracts and not personal property within the meaning of the law. When the assignment was made the bank, as a creditor, had an insurable interest in the stock of goods, and might originally have taken out insurance in its own name. The assignment by the merchant, with the consent of the insurance company and the bank, was only an indirect method of doing what legally might have been done directly. The transaction was wholly a matter of contract; the trader being under no obligation, in the absence of a special contract, to protect his creditors by fire insurance.

■ The Bulk Sales Law is not applicable, because a fire is not a sale, neither is an insurance policy a contract of sale of the property covered by the policy, nor does the law presume it to have been so intended. An assignment merely adds another party to the contract, and modifies the terms of payment.

■ Section 3354 has no application except to transfers or assignments made *after* the fire occurs. It seems unnecessary to amplify the explicit language employed by the lawmakers in this section.

The exceptions to the master's report will be sustained, and an order entered allowing priority of payment as prayed for in the petition.