CAIN *v.* PRATT, et al.

No. 39672 May 16, 1955 80 So. 2d 41

*Roger C. Landrum,* Columbus, for appellant.

*H. T. Carter, W. E. Bearden, Jr.,* Columbus, for appellees.

KYLE, J.

This case is before us on appeal by J. H. Cain, complainant in the court below, from a decree of the Chancery Court of Lowndes County dismissing his bill of complaint for an attachment in chancery and other relief against Mrs. Hazel Bayes Pratt and Love Jewelry Company, a corporation, defendants.

The record in the case shows that Mrs. Hazel Bayes Pratt, prior to February 26, 1952, owned and operated a jewelry store in the City of Columbus. The business was conducted and carried on under the trade name of Pratt's Jewelry Store. Mrs. Pratt decided to sell the stock of merchandise on hand and return to Louisiana; and on February 26, 1952, she executed and delivered to S. W. Hora and R. A. Zanone a memorandum agreement for the sale of the stock of goods, fixtures and accounts to Hora and Zanone for the sum of $7,500 of which amount $6,500 was paid to her in cash and the remaining $1,000 was paid to her on April 1, 1952. The memorandum agreement provided that Mrs. Pratt should pay in full all creditors, but that all bills incurred after February 19, 1952, should be paid by Hora and Zanone. After purchasing the jewelry store business Hora and Zanone made arrangements for an auction sale, and the stock of merchandise was sold at public auction during the latter part of March. Mrs. Pratt remained in Columbus and worked for Hora and Zanone during the time the auction sale was being carried on and was paid a salary for her services. Hora and Zanone a few weeks later sold the counters, fixtures and equipment, which were includ-

ed in their purchase from Mrs. Pratt, to Love Jewelry Company.

At the time of the sale of the jewelry store business to Hora and Zanone, Mrs. Pratt was indebted to the appellant in the sum of $2,000 for money loaned to her by the appellant. The indebtedness was evidenced by a promissory note for the sum of $2,000, dated June 20, 1950, and becoming due six months after date, and bearing interest at the rate of six per cent per annum. The appellant, who was a resident of Beauregard Parish, in the State of Louisiana, testified that Mrs. Pratt had been a friend of his family since she was a child, and it was because of that relationship that he loaned her the money, which was used in the Pratt's Jewelry Store business. After the sale had been completed, Mrs. Pratt moved to Louisiana and went to work for the De Ridder Motor Company, a corporation of which the appellant was president. She was later transferred to a job with the Twin Lakes Corporation, another corporation of which the appellant was president, and was living in a house owned by that corporation at the time of the trial.

At the time of their purchase of the Pratt's Jewelry Store business Hora and Zanone did not know that Mrs. Pratt was indebted to the appellant, and they did not notify the appellant that they were purchasing the stock of goods, fixtures and accounts. And Love Jewelry Company, at the time of its purchase of the counters, equipment and fixtures, had no knowledge of the fact that Hora and Zanone had failed to comply with the requirements of the Mississippi Bulk Sales Law when they purchased the jewelry store business from Mrs. Pratt.

The bill of complaint in this cause was filed on June 5, 1953, against Mrs. Hazel Bayes Pratt and Love Jewelry Company. The complainant alleged in his bill that Mrs. Pratt was a nonresident of the State of Mississippi, and that the defendant Love Jewelry Company was a Mississippi corporation with its domicile and principal place of business at Columbus; that Mrs. Pratt was indebted

to the complainant in the sum of $2,000 on the note here-inabove described, and that the indebtedness was for money loaned to her for the purpose of operating the Pratt's Jewelry Store business; that Mrs. Pratt had sold the store of goods in its entirety in March and April 1952 and was a nonresident of the State of Mississippi at the time the suit was filed; and that she had effects in the hands and possession of the defendant Love Jewelry Company, in that she was the owner of the counters, equipment and fixtures in the building.

The complainant alleged that Mrs. Pratt had never sold the counters, equipment and fixtures, and if there had been a sale of same to the Love Jewelry Company, the sale was void as against the complainant as being in violation of the Mississippi Bulk Sales Law. The complainant asked for an attachment in chancery, and that on final hearing that the court ordered a sale of the above mentioned personal property for the payment of indebtedness due and owing to him. After the filing of the above mentioned bill of complaint, Arthur Zanone and S. W. Hora filed their petition for intervention and were permitted to intervene as parties defendant.

The defendant, Mrs. Hazel Bayes Pratt, filed a formal answer in which she waived service of process and admitted the allegations of the bill of complaint.

Zanone and Hora filed their answer on July 17, 1953, and in their answer disclaimed any knowledge or information concerning the alleged indebtedness of $2,000 due and owing by Mrs. Pratt to the complainant, but admitted that Mrs. Pratt had sold the stock of merchandise to them. They denied that Mrs. Pratt had effects in the hands and possession of Love Jewelry Company, and they denied that she was the owner of the counters, equipment and fixtures in the building formerly occupied by the Pratt's Jewelry Store. They averred in their answer that all of the merchandise and fixtures were included in the sale to them on February 26, 1952, and they attached to their answer a copy of the memoran-

dum bill of sale signed by Mrs. Pratt on February 26, 1952. They denied that the sale was void as against the complainant as being in violation of the Mississippi Bulk Sales Law; and they denied that the complainant was entitled to have said fixtures attached as the property of a nonresident debtor, or to have the same sold for the payment of the indebtedness alleged to be due and owing by Mrs. Pratt to the complainant. They averred in their answer that, if there was a violation of the bulk sales law, as alleged in the bill of complaint, the complainant was estopped to attack the validity of the sale for the reason that the complainant had waived any rights that he may have had to attack the validity of the sale since he knew that Mrs. Pratt was going to sell all of the merchandise and fixtures of the jewelry store to the defendants Zanone and Hora and had acquiesced in the sale.

The Love Jewelry Company filed a separate answer in which they alleged that they were bona fide purchasers of the fixtures from Arthur Zanone for a valuable consideration and had paid to him the sum of $600 as a part of the purchase price.

The cause was heard by the chancellor upon the pleadings and proof. The appellant testified as a witness in his own behalf, and was subjected to a vigorous cross-examination concerning his knowledge of the sale of the stock of goods, fixtures and accounts to Hora and Zanone.

The appellant testified that he had suggested to Mrs. Pratt that she sell her jewelry store business at Columbus; and that he had told her that if she would sell out and move to De Ridder he would give her a job. He admitted that he had talked to her on the telephone while she was negotiating the sale. He was asked if she had not told him that she was selling her business up there to Zanone and Hora. His answer was, "I wouldn't be sure about the name, but I think that is correct." He admitted that he knew that the sale was taking place and that Mrs. Pratt expected to move to De Ridder when the sale was completed. He admitted that he helped her move her

furniture from Columbus to De Ridder after the sale, and that he said nothing to her about the money that she owed him. "I just expected she would pay all her bills when she got the money."

The chancellor found that Zanone and Hora had failed to comply with the provisions of Section 274, Code of 1942, when they purchased the stock of merchandise, fixtures and accounts from Mrs. Pratt, but that the complainant by his actions had acquiesced in the sale, and since he had suggested to her that she sell the property, he was not entitled to the benefit of the protection afforded by Section 274, Code of 1942. The chancellor found that the Love Jewelry Company was a bona fide purchaser for value of the fixtures and equipment, without any knowledge, actual or imputed, of the details of the transfer of the assets of Pratt's Jewelry Store by Mrs. Pratt to Zanone and Hora, and that the complainant had no right to pursue the property in the hands of the Love Jewelry Company. The chancellor found that the Love Jewelry Company did not have in its possession effects of the nonresident debtor within the meaning of Section 2729, Code of 1942; and the chancellor ordered that the complainant's bill be dismissed.

The first point argued by the appellant's attorney as ground for reversal on this appeal is that the court erred in holding that the complainant was not entitled to the benefit of the provisions of the bulk sales statute, Section 274, Code of 1942, due to the fact that he had acquiesced in the sale of the jewelry store property to Zanone and Hora.

 █ Bulk sales statutes have been enacted in many of the states. The purpose of such a statute is to prevent the sale of goods in bulk until after the creditors of the seller have been notified of the proposed sale. And this Court has held that a sale of a stock of merchandise in bulk without a compliance with the provisions of the statute is prima facie fraudulent as to the creditors of the seller, and that a purchaser must show

that the required inventory was made, and notice to the creditors given, otherwise he takes the goods subject to the debts of the seller. Walton v. Walter Fisher Co., 146 Miss. 291, 111 So. 364. ██ This Court has also held that the word "merchandise," as used in the statute, includes not only movable goods, but also fixtures and other appliances used in connection with the business. **B. F. Goodrich Rubber Co. v. Breland et al., 170 Miss. 117, 154 So. 303.**

██ But it appears to be well settled that creditors may waive the right to the benefit of the bulk sales statute, or estop themselves to claim that the sale was invalid because the requirements of the bulk sales statute were not fully complied with. And creditors who consent to, or acquiesce in, a bulk sale are generally held to have waived their rights under the bulk sales act or to be estopped to attack the validity of the sale because of violations of the law. See Anno. 15 A. L. R. 2d 939, 943, and cases cited; see also, 24 Am. Jur. 1954 Supp., p. 32, Fraudulent Conveyances, par. 246.

██ In the case of C. & E. Marshall Co. v. Leon (1932), 267 Ill. App. 242, the Court held that a creditor of the seller of a stock of merchandise who affirmatively consents to the sale is not entitled to claim that the sale was fraudulent and void because, in the matter of notice to the creditors, there was a failure to comply with the provisions of the Bulk Sales Act.

In the case of Palo Sav. Bank v. Cameron, 184 Iowa 183, 168 N. W. 769, the Court held that a creditor who consents to a bulk sale, with the understanding that the money realized from the sale is to be paid in discharge of his obligations, cannot be heard to say that the contemplated sale was fraudulent upon proof alone that the statutory notice was not given. In its opinion in that case the Court said: "Where one consents to a thing being done without compliance with the formalities of the statute, he cannot predicate fraud upon the doing of the thing to which he consents." See also, Evans v.

Herbranson (1950), 241 Iowa 268, 41 N. W. 2d 113, 15 A. L. R. 2d 925.

In the case of Kelso v. Robinson, 172 Miss. 828, 161 So. 135, 137, this Court said: "Estoppel may arise from misleading silence or passive conduct joined with a duty to speak. The doctrine lies at the foundation of morals; it is based on equity and good conscience * * *." See also, Martin v. Hartley et ux, 208 Miss. 112, 43 So. 2d 875; Peeler et al. v. Hutson, 202 Miss. 837, 32 So. 2d 785; In Re Stoball's Estate, 211 Miss. 15, 50 So. 2d 635.

The appellant's own testimony in this case shows that he knew of and advised and consented to Mrs. Pratt's sale of the stock of merchandise, fixtures and accounts of the jewelry store. And we think that the chancellor was amply justified in holding that the appellant had acquiesced in the sale and was estopped to claim that the sale was invalid as to him because of the failure of the purchasers to comply with the provisions of the bulk sales statute. It therefore follows that the Love Jewelry Company had in its possession no property or effects of Mrs. Pratt which could be subjected to the payment of the indebtedness owing to the appellant by Mrs. Pratt, and that the court had no jurisdiction of the attachment suit.

In view of the conclusion that we have reached on the point mentioned above, it is not necessary for us to consider the other points argued in the appellant's brief.

The decree of the lower court is therefore affirmed.

Affirmed.

*McGehee, C. J.,* and *Hall, Arrington* and *Ethridge, JJ.,* concur.