## DEAN *v.* BOWLES.

[70 South. 693.]

1. JUSTICE OF THE PEACE. *Affidavit. Amendments. Execution. Claim of property. Defenses. Fraudulent conveyances. Sale in Bulk.*

   Where plaintiff recovered judgment in a justice of the peace court and made affidavit for immediate execution under Code 1906, section 2743, but the justice of the peace omitted to attach his signature to the jurat thereto, a claimant of the property levied upon under such execution cannot complain that the circuit court on appeal permitted the justice of the peace who issued the execution to attach his signature to this jurat over his objection, since no one but the defendant in execution can complain of the premature issuance thereof.

2. JUSTICE OF THE PEACE. *Execution. Claim to property. Defenses.*

   Where plaintiff recovered judgment on a note in a justice of the peace court, and execution was levied upon property claimed by another, such claimant cannot defeat the execution on the ground either that there had been an attempt to materially alter the note sued on or that the action on the note was prematurely brought for neither of the objections can be inquired into in a collateral proceeding.

3. FRAUDULENT CONVEYANCE. *Sale in Bulk. Statutes.*

   One purchasing in violation of the Bulk Sales Act (Laws 1908 chapter 100), acquires no right as against creditors of the seller.

APPEAL from the circuit court of Leflore county.

HON. MONROE McCLURG, Judge.

Suit by M. A. Bowles against T. E. Williams and W. S. Wallace, begun in justice of the peace court, where there was a judgment for plaintiff. On levy of execution J. T. Dean intervened as claimant. From a judgment against claimant, he appeals.

On April 10, 1909, appellee instituted suit in a court of a justice of the peace against T. E. Williams and W. S. Wallace upon a note due April 13, 1909. On the same day this judgment was rendered, execution was issued thereon and levied upon the property here in controversy,

·claim was made thereto by appellant, and the cause, having reached the court below by appeal, was tried upon the claimant's issue, which resulted in a peremptory instruction being given the jury to find for appellee. There was a verdict and judgment accordingly, hence this appeal. Appellee signed an affidavit on the date of the issuance of this execution, complying with the provisions ·of Code 1906, sec. 2743; but the justice of the peace omitted to attach his signature to the jurat thereto. On the trial of the cause in the court below, the justice of the peace who issued the execution was permitted to attach his signature to this jurat over the objection of appellant. The property levied upon consists of goods, wares, and merchandise which appellant claimed to have purchased from Wallace, one of the defendants in execution.

*Gardner & Whittington,* for appellant.

*S. R. Coleman,* for appellee.

SMITH, C. J., delivered the opinion of the court.

(After stating the facts as above). The amendment of the affidavit, by adding the name of the justice before whom it was made to the jurat thereto, was unnecessary for the reason that no one but a defendant in execution can complain of the premature issuance thereof. 1 Freeman on Executions, section 25.

Two of appellant's assignments of error are: First, that an attempt had been made to materially alter the note upon which the judgment on which the execution in question was issued was rendered; and, second, that the suit on which this judgment was rendered was prematurely brought. Neither of these objections can be inquired into in a collateral proceeding such as the one here under consideration. The cases of *Wiggle* v. *Thomason,* 11 Smedes & M. 452, and *Winston* v. *Miller,* 12

Smedes & M. ɔ50, cited by counsel for appellant in support of the second objection herein referred to, are not here in point for the reason that the question there arose on direct appeals from the judgments complained of.

The sale of the property here in question having been made to appellant in violation of our Bulk Sales Law (Laws 1908, chapter 100), the court below committed no error in granting the peremptory instruction.

*Affirmed.*