(85 South. 705)

## TEAL v. T. L. FARROW MERCANTILE CO.
### (8 Div. 206.)

(Supreme Court of Alabama. June 10, 1920.)

**Equity ⬤⇒407—Register's report held insufficient.**

Where the account referred was complicated and difficult of solution, and the register, in his report, had done scarcely more than to state summary conclusions, without details and without explanation of the processes used, so that the court could not intelligently review the report on the register's findings, nor determine the merit of exceptions thereto, the register should be instructed to bring in another report, with sufficient detail of finding and explanation.

Appeal from Circuit Court, Marshall County; W. W. Haralson, Judge.

Bill by W. S. Wiles, as transferee of a mortgage executed by Moore to the International Agricultural Corporation, against J. T. Moore, A. L. Teal, and others, with the T. L. Farrow Mercantile Company as cross-complainants for an accounting, foreclosure, etc. From a decree confirming an accounting report by the register, Al. Teal appeals. Reversed and remanded.

This cause was formerly here on appeal under the style of Wiles et al. v. Moore et al., and is reported in 202 Ala. 12, 79 South. 310.

Orr & Killcrease, of Albertville, for appellant.

The register should have reported the evidence on which he based his findings. 16 Cyc. 446, and authorities cited. His findings here were not intelligible, nor is there any explanation that can be understood by the chancellor or the Supreme Court. 102 Ala. 522, 14 South. 898.

D. Isbell, of Guntersville, for appellee.

The Supreme Court will not reverse, unless it clearly appears from the record that the register's conclusions are erroneous. 39 Ala. 202; 58 Ala. 284; 69 Ala. 95; 72 Ala. 14; 108 Ala. 88, 18 South. 937; 112 Ala. 451, 20 South. 527; 123 Ala. 682, 27 South. 322; 139 Ala. 200, 35 South. 767; 139 Ala. 405, 36 South. 11; 52 South. 946.

---

SOMERVILLE, J. The appeal is from a decree of the circuit court in equity, confirming the register's report made on a reference for accounting between senior and junior mortgagees of chattels, involving priorities of claim and the balance of proceeds realized by the senior mortgagee, and the items properly to be credited upon or charged against his claim. The account is complicated and difficult of solution, and the register has done scarcely more than to state summary conclusions, without details, and without explanation of the processes used, especially as to the first feature of the report.

We are unable to intelligently review this report upon the findings of the register or to determine the merit of appellant's exceptions thereto. It will suffice to quote what was said by this court in O'Neill v. Perryman, 102 Ala. 522, 14 South. 898:

"The register, in the statement of the account in this case, gives results, without processes by which they were ascertained. This is an improper manner of stating such an account, and one so rendered ought to be rejected by the court ex mero motu, or on an objection made to it by either party. Such accounts should be so fully stated, under rules 90 and 90a, accompanied, if necessary for a proper understanding of the account, by such explanations in the report of the register as that the chancellor, in case exceptions are taken to them, may be enabled readily to understand and pass on them, and so, in case of appeal to this court, we may be enabled to do the same thing. Otherwise, we must be involved in confusion and very unnecessary labor, which we may, if these rules are not observed, decline to undertake."

We think the ends of justice will be best met here by reversing the decree of confirmation, and remanding the cause, with instructions to the register to bring in another report, with sufficient detail of finding and explanation to permit an intelligent review upon the exceptions that may be taken thereto by the parties.

Reversed and remanded.

ANDERSON, C. J., and McCLELLAN and THOMAS, JJ. concur.