WALTON *v.* WALTER FISHER CO.*

(Division B. Feb. 14, 1927.)

[111 So. 364. No. 26201.]

1. FRAUDULENT CONVEYANCES. *Sale and purchase of stock of merchandise without compliance with law relative thereto is void, notwithstanding good faith (Bulk Sales Act [Hemingway's Code, section 3129]).*

   Sale and purchase of stock of merchandise without compliance with Bulk Sales Act (Hemingway's Code, section 3129) is void, notwithstanding sale and purchase was made in good faith for value, and purchaser takes goods at peril, if statute is not complied with.

2. FRAUDULENT CONVEYANCES. *Fixtures used in connection with business held to come within law forbidding sales in gross without notifying seller's creditors; "merchandise" (Bulk Sales Act [Hemingway's Code, section 3129]).*

   Fixtures and other appliances used in connection with business *held* to constitute part of stock of "merchandise," and would come within Bulk Sales Act (Hemingway's Code, section 3129), forbidding the sale of merchandise in gross without notifying creditors of seller.

3. EXEMPTIONS. *Evidence held not show merchandise sold in gross, without complying with law constituted exempt property of seller (Hemingway's Code, section 3129, and section 1822, as amended by Laws 1924, chapter 168).*

   Evidence *held* insufficient to show that merchandise sold in bulk, without compliance with Hemingway's Code, section 3129, constituted property which was exempt to seller under Hemingway's Code, section 1822, as amended by Laws 1924, chapter 168.

*Corpus Juris-Cyc. References: Exemptions, 25CJ, p. 161, n. 55; Fraudulent Conveyances, 27CJ, p. 875, n. 40; p. 876, n. 47; p. 880, n.

6; p. 885, n. 56, 62. As to statutory requirement as to sale of stock of goods in bulk, see annotation in 2 L. R. A. (N. S.) 331). Sale of entire stock of one branch or department of business as within the bulk sales statutes, see 33 A. L. R. 62. 12 R. C. L. 527; 2 R. C. L. Supp. 1445; 6 R. C. L. Supp. 714. As to what kind or classes of property are within the operation of the bulk sales statutes, see annotation in 25 L. R. A. (N. S.) 758; 45 L. R. A. (N. S.) 495; 12 R. C. L. 527; 2 R. C. L. Supp. 1446.

APPEAL from chancery court of Monroe county.

HON. ALLEN COX, Chancellor.

Suit by the Walter Fisher Company against W. F. Walton. Decree for complainant, and defendant appeals. Affirmed.

*McFarland & Holmes,* for appellant.

The property sold by Mrs. Warfield to appellant was exempt property, she being the head of a household and entitled to two hundred fifty dollar exemptions. The value of the stock of merchandise sold to appellant being less than this amount, the whole property was exempt and the Bulk Sales Law, section 3129, Hemingway's Code, does not apply. See *McCormick* v. *Kistler,* 45 L. R. A. (N. S.) 497; *Kennedy* v. *First Nat'l Bank,* 18 So. 396; and cases collected in L. R. A. Digest, "Fraudulent Conveyances," section 7.

Certainly the court erred in holding appellant liable for the value of the fixtures amounting to forty dollars, as unquestionably the Bulk Sales Law does not apply to the sale of fixtures. *Smith* v. *Boyer,* 41 A. L. R. 1466, 1471; *Carnaggio Bros.* v. *City of Greenwood,* 108 So. 141; 7 A. L. R. 1581 at 1586; L. R. A. 1915 E, page 917 and notes; 134 N. W. 278.

The unintentional omission of the name of a creditor from the list furnished to the vendee is not a failure to comply with the law. A breach of duty by the vendor, not participated in by the vendee and unknown by him, is no evidence of fraud on the part of the vendee. *In-*

*ternational Silver Co.* v. *Hull,* 45 L. R. A. (N. S.) 492;
*Stuart* v. *Elk Horn Bank,* Ann. Cas. 1918A 268.

We are aware of *Linn County Bank* v. *Davis,* 9 A. L.
R. 468, in which it was held that the omission of a cred-
itor from the list furnished by the vendor made the
sale void; but this was because the list furnished by the
vendor had not been certified by the seller under oath to
be complete as required by the law. See, also, *Glantz*
v. *Gardiner,* L. R. A. 1917F 226.

In *Wm. R. Moore Dry Goods Co.* v. *Rowe & Caruthers,*
97 Miss. 775, 99 So. 30, it appears that there were cred-
itors of the seller, which fact was known to both the
seller and the buyer, the seller having verbally informed
the buyer of this fact, and if the buyer had demanded a
written list of the creditors of the seller, he, the seller,
would have furnished the names of certain creditors.
In the case at bar, the seller claimed in good faith that
there were no creditors and if the buyer had demanded
a written list of creditors, the seller would not have named
a single creditor, as, under his contention, there were
none. Such being true, it was absolutely useless for ap-
pellant to demand a list of creditors and receive a blank
piece of paper, as the law does not require him to do
such a foolish thing. A case directly in point is *Johnson
Bros. Co.* v. *Washburn,* 77 So. 461.

This case should be reversed and a judgment entered
here for appellant.

*McClellan & Tubb,* for appellee.

The appellant set out that the stock of merchandise
bought by him from Mrs. H. E. Warfield is exempt prop-
erty and as such is not subject to be levied upon by the
creditors under a failure of appellant and Mrs. Warfield
to comply with the bulk sales statute of this state. This
claim to exemption is under section 1822, Hemingway's
Code (chapter 226, Laws of 1914), as amended by chap-
ter 167, Laws of 1924.

The record in this case fails to show any evidence that would even tend to show a selection by Mrs. H. E. Warfield of this stock of goods as exempt property under the above statute. The right to an exemption must be affirmatively shown.

Counsel for appellant dwell at length on the good faith shown by appellant. The appellee does not maintain that any intentional fraud was practiced in the premises but that the law of this state lays down a certain specific method which must be followed by all parties who wish to buy or sell a stock of merchandise, if they wish to be relieved of responsibility for debts not known to buyer, and in this case the buyer has failed in several particulars to follow the plain letter of the law, and thus the sale is void as to a creditor who was damaged thereby.

ANDERSON, J., delivered the opinion of the court.

Appellee, as a creditor of Mrs. H. E. Warfield, filed its bill in the chancery court of Monroe county against appellant, by which it sought to hold appellant liable for the value of a stock of goods theretofore purchased from her by appellant to the amount of its claim against her, on the ground that in making said sale and purchase the Bulk Sales Law (chapter 100, Laws 1908) was violated. The cause was tried on bill, answer, and proofs, and final decree rendered in favor of appellee against appellant for one hundred sixty-five dollars, the value of the stock of goods involved. From that decree appellant prosecutes this appeal.

In 1924 the appellant purchased from Mrs. H. E. Warfield a farm, on which was located a dwelling and a storehouse, in which storehouse Mrs. Warfield was conducting a mercantile business. Shortly after his purchase of the farm, appellant purchased from Mrs. Warfield her stock of goods and fixtures located in the storehouse. The chancellor found the value of the stock of goods to be one hundred twenty-five dollars and the value of the fix-

tures forty dollars. Before consummating the purchase of the stock of goods and the fixtures, appellant attempted, in good faith, to comply with the bulk sales statute. An inventory was taken, as required by the statute, and appellant demanded of Mrs. Warfield a list of her creditors. She gave him what purported to be a list, but appellee was not named in the list, and the appellant did not know that appellee was a creditor of Mrs. Warfield until after the stock of goods and fixtures had been purchased and paid for by him. The creditors listed by Mrs. Warfield were paid in full the amounts of their claims. Appellee had no notice, under the statute, or otherwise, of the purchase of the goods and fixtures by appellant.

Appellant's position is that he is not liable for the value of the goods and fixtures, because in their purchase he made every effort, in good faith, to comply with the bulk sales statute (chapter 100, Laws 1908 [Hemingway's Code, section 3129]), which follows:

"To prevent fraudulent sales of merchandise—What presumed to be fraud. 1. A sale of any portion of a stock of merchandise, otherwise than in the ordinary course of trade, or in the regular and usual prosecution of the seller's business, and a sale of an entire stock of merchandise in gross, shall be presumed to be fraudulent and void as against the creditors of the seller, unless, at least five days before the sale: (a) The seller shall have made a full and detailed inventory, showing the quantity, and, so far as can be done by the exercise of reasonable diligence, the cost price to him of each article sold; and (b) The purchaser shall have in good faith, made full and explicit demand of the seller for the name, place of residence and business and post office address of each of his creditors, and the sum due each, and to which demand the seller shall have made full and truthful written answers; and (c) The purchaser shall have in good faith notified personally or by mail each of the seller's creditors, of whom he has knowledge, or with the exercise of reasonable diligence could have acquired knowl-

edge, of the proposed sale and of the cost price of the merchandise proposed to be sold and of the price to be paid therefor by the proposed purchaser.''

The sale and purchase of a stock of merchandise without compliance with the requirements of the statute is void, notwithstanding such sale and purchase was made in good faith and for value. The purchaser takes the goods at the peril of the statute not having been complied with. He must see that it is complied with. The purpose of the statute was to make the sale of stocks of merchandise in bulk *prima facie* fraudulent as to the creditors of the seller. Such *prima-facie* case can only be met by the purchaser by showing that the statute was complied with. He must show that the required inventory was made, and notice to the creditors given, otherwise he takes the goods subject to the debts of the seller. *Moore Dry Goods Co.* v. *Rowe,* 97 Miss. 75, 53 So. 626; *Id.,* 99 Miss. 30, 54 So. 659, Ann. Cas. 1913E, 1213; *Dean* v. *Bowles,* 110 Miss. 575, 70 So. 693; *Peters Shoe Co.* v. *Gunn,* 121 Miss. 679, 83 So. 742.

Appellant contends that the bulk sales statute had no application to the fixtures in the store; that such fixtures were no part of the stock of merchandise. We do not think that contention is well founded. The purpose of the statute was to prevent fraudulent sales by merchants to defeat creditors of the property in their places of business upon which their creditors principally extended credit. This includes, not only the movable goods, but fixtures and other appliances used in connection with the conduct of the business. Merchandise fixtures often constitute a very large part of the merchant's assets carried in his place of business, and it is a rare case that a merchant sells his stock of goods without selling his fixtures. The word ''merchandise'' in the statute should be given a broad enough meaning to cover the evil the statute sought to remedy. To limit the statute strictly to goods kept for sale would, in a large measure, defeat its purpose.

Appellant contends, further, that the goods and fixtures were exempt to Mrs. Warfield under section 2147, Code of 1906 (section 1822, Hemingway's Code, as amended by chapter 168, Laws of 1924), which provides, among other things, that there shall be exempt from seizure and sale, under execution or attachment, to any citizen of this state, male or female, being a householder and having a family, residing in a city, town, or village, personal property, to be selected by him or her, not exceeding in value two hundred fifty dollars, or "articles specified as exempt to the head of a family;" that, under the law, there could be no fraudulent sale of exempt property; that the bulk sales statute does not apply to such property. Even though the statute does not apply to exempt property, the appellee failed, both in the allegations of its bill and in its proof, to make a case of that character. The evidence showed that Mrs. Warfield had a husband, and that they were living together as husband and wife, and there was an entire absence of evidence tending to show that Mrs. Warfield was entitled to the exemption allowed by the statute out of the stock of goods involved. For aught that appears in the record, her husband, as the head of the family, held all the exemptions allowed by the statute. And, if she was the head of the family, and entitled to claim the exemptions allowed by the statute, there is an absence of any evidence in the record showing that she did not hold all the exemptions allowed her by the statute.

We think the chancellor was justified by the evidence in the record in holding that appellee was a creditor of Mrs. Warfield; that appellee had not accepted her husband as its creditor in lieu of Mrs. Warfield, as contended by appellant.

*Affirmed.*