## ORGILL BROS. *v.* GEE.*

(Division B.  Feb. 18, 1928.  Suggestion of Error Overruled March 4, 1929.)

[120 So. 737.  No. 27694.]

*Corpus Juris-Cyc. References: Fraudulent Conveyances, 27CJ, section 62, p. 439, n. 26; section 885, p. 876, n. 47; section 889, p. 882, n. 18; section 892, p. 886, n. 78; section 907, p. 892, n. 14; On statutory requirement of sale of goods in bulk in violation of Bulk Sales Law, see annotation in 2 L. R. A. (N. S.) 331; 5 A. L. R. 1517; 12 R. C. L. 525; 2 R. C. L. Supp. 1444; 5 R. C. L. Supp. 649; 6 R. C. L. Supp. 713.

*E. C. Black,* for appellants.

*Gore & Gore,* for appellee.

ANDERSON, J. Appellants, as creditors of O. E. Bonner, formerly a merchant of Marks, in Quitman county, filed their bill against appellee, the purchaser from Bonner of

the latter's stock of merchandise, seeking to hold appellee liable as a trustee to the extent of the value of the merchandise so purchased by him, for the benefit of Bonner' creditors, upon the ground that the sale of the stock of merchandise from Bonner to appellee was made in violation of the bulk sales statute (chapter 100 of the Laws of 1908; section 3335 of Hemingway's Code of 1927), and therefore void as to Bonner's creditors. There was a trial on bill, answer, and proofs, resulting in a final decree in the appellee's favor, from which decree, appellants prosecute this appeal.

Bonner was a merchant at Marks, with a small stock of goods, wares, and merchandise, which he sold at retail. He sold the stock of merchandise to appellee in bulk without complying with the bulk sales statute. Appellants were creditors of Bonner, having sold him goods which went into his business. Bonner was insolvent, owning no other property than his stock of goods.

Our bulk sales statute is the uniform Bulk Sales Act, which has been adopted by most of the states of the United States. The act constitutes part of the Statute of Frauds. The sale of a stock of goods in violation of the statute is fraudulent *per se,* and void as to the creditors of the seller, and evidence of good faith and payment of value by the purchaser is no defense to a suit by the creditors of the seller to hold the purchaser liable for their debts to the extent of the value of the goods sold. *Moore Dry Goods Co.* v. *Rowe,* 97 Miss. 775, 53 So. 626; *Dean* v. *Bowles,* 110 Miss. 575, 70 So. 693; *Peters Branch International Shoe Co.* v. *Gunn,* 121 Miss. 679, 83 So. 742; *Walton* v. *Walter Fisher Co.,* 146 Miss. 291, 111 So. 364; *Kline* v. *Sims,* 149 Miss. 154, 114 So. 871. The purchaser of a stock of merchandise in violation of the Bulk Sales Act holds the goods as trustee for the creditors of the seller, and the creditors are entitled to subject the goods in his hands to the payment of their debts to the extent

of their value, or to recover a personal judgment against the purchaser for the amount of their debts, not to exceed the value of the goods.

Appellee defended the suit mainly upon the ground that the stock of goods purchased by him from Bonner was exempt from the debts of the latter, and therefore the bulk sales statute had no application. An insolvent debtor may make a valid gift of his property, exempt from execution. Such property is not subject to the demands of his creditors. A sale thereof is valid, even though made with intent to defraud his creditors. Such a sale is not within the Statute of Frauds, of which, as stated, the Bulk Sales Act is part. *Smith* v. *Allen*, 39 Miss. 469; *O'Conner* v. *Ward*, 60 Miss. 1025; *Willoughby* v. *Pope*, 101 Miss. 808, 85 So. 705.

The chancellor tried the issue of facts as to whether the goods bought by appellee from Bonner were exempt from the debts of the latter, and found as a fact that they were so exempt. Under chapter 159 of the Laws of 1926 (section 1902, Hemingway's Code of 1927), every citizen of this state, male or female, being a householder and having a family, is entitled to hold, exempt from sale, or seizure under execution or attachment, the land and building owned and occupied as a residence by such person, not to exceed in value three thousand dollars, and personal property to be selected by him, not to exceed in value two hundred fifty dollars, or in lieu thereof the articles specified as exempt to the head of a family in another section of the chapter in the Code (Hemingway's Code 1927, section 1891), under the head "Exempt Property."

There was no dispute in the evidence that Bonner was the head of a family, and lived within the corporate limits of the municipality of Marks, and that he owned no other property, at the time of the sale of his stock of merchandise to appellee, than such stock of merchandise.

The issue of fact tried by the chancellor, and on which there was a conflict in the evidence, was whether or not the stock of merchandise was of the value of more than two hundred fifty dollars, and claimed by Bonner as exempt from his debts. Without going into the evidence in detail, we deem it sufficient to say that the chancellor would have been justified in finding either way on that issue. Therefore we cannot hold that the finding of the chancellor that the value of the goods was less than two hundred fifty dollars, and claimed by Bonner as exempt, was against the overwhelming weight of the evidence.

*Affirmed.*