Fox *v.* State.

In Banc. Nov. 14, 1949.

No. 37299  (42 So. (2d) 740)

**North & North,** for appellant.

**George H. Ethridge**, Assistant Attorney General, for appellee.

544

**Roberds, J.**

Appellant was indicted for selling to Reynolds and Utz a stock of merchandise and fixtures impressed at the time with a lien in favor of two named creditors and others whose names were unknown to the grand jurors without informing the purchasers of such lien. Apparently the indictment intended to charge the crime created by Section 2151, Mississippi Code of 1942, Annotated, which provides that if any person shall sell real or personal property ''on which he knows there is a lien of any kind by contract or by law, without informing the person to whom he so sells . . .'' of such lien, the seller is guilty of obtaining under false pretenses whatever he received from the person dealing with him. However, the entire proof proceeded upon the idea that

defendant had failed to comply with what is known as the Bulk Sales Law, Section 274, said Code, which provides that a sale of an entire stock of merchandise in gross shall be presumed to be fraudulent and void as against the creditors of the seller, unless at least five days before the sale (a) the seller shall have made a full and detailed inventory of the articles sold; (b) the purchaser shall have made demand of the seller the names, places of residence and addresses of his creditors and the sum due each, and in response to which demand the seller shall have made full and truthful written answer, and (c) the purchaser shall have notified the creditors of the proposed purchase and the cost price of, as well as the price he proposes to pay for, such merchandise. If appellant is guilty of any crime it is under one or the other of the foregoing sections.

We will deal first with the Bulk Sales Law. Reynolds and Utz made demand for the information detailed in section 274. Fox made the inventory and furnished the names of some, but not all, of his creditors. Fox paid some of the omitted creditors, but it appears that Reynolds and Utz paid approximately $600 of these left-off debts. However, Reynolds and Utz did not furnish to any of the creditors the information required of them by subdivision (c) above. ██ █ The question is, did the creditors, at the time of the purchase, have a lien upon the stock of merchandise within the contemplation of the criminal laws of this State? We do not think so. The effect of the Bulk Sales Law, if section 274 is not complied with, is to render the sale void as to creditors, and vest in them the right to follow the merchandise into the hands of the purchasers, who hold it as trustees for the creditors. Section 274 impresses no lien upon the stock of merchandise at the time of the sale; it simply confers the foregoing rights. Indeed, the sale being void as to creditors, it is difficult to understand, in the nature of the case, just how their right could be that of a lien upon the property as against the creditors, who get no title

thereto. Moore Dry Goods Co. v. Rowe, 97 Miss. 775; 53 So. 626; Walton v. Walter Fisher Co., 146 Miss. 291, 111 So. 364; 24 Am. Jur. No. 244, pg. 354; No. 246, page 355. It is not necessary for us to, and we do not, decide whether the right of the creditors ripens into a lien, legal or equitable, upon institution of legal proceedings to enforce the statutory rights. Should that be the effect of such proceeding, the lien is not in existence until the proceeding is begun. This record does not disclose definitely what the creditors did, nor the time thereof, but the action taken, whatever its nature, was some time subsequent to the date of sale.

The statute does not expressly or by implication declare its violation to be a crime, nor purport to impose a criminal penalty therefor. In determining the question under consideration, it is our duty to construe it strictly.

Nor have we endeavored to determine what effect, if any, the failure of the purchasers to give notice to creditors might have had upon this situation.

As to the offense created by section 2151, there is no proof whatever in this record that Reynolds and Utz purchased, or were delivered, any property impressed at the time with a purchase-money lien for the unpaid purchase price thereof. It is shown that Fox owed creditors for merchandise he had bought from them, but it is not shown he had any of this on hand when he sold to Reynolds and Utz. As stated, the proof undertook to show guilt under the Bulk Sales Law—not under the purchase-money lien law.

Whether appellant may be indictable and found guilty under some statute other than the two involved in this prosecution, we do not decide or intimate.

Reversed and appellant discharged.