246 So.2d 552 (1971)
Gordon BRENT, et al.
v.
Frank COX, et al.
No. 46147.
Supreme Court of Mississippi.
March 29, 1971.
James B. Everett, Decatur, Henry, Barbour & DeCell, William H. Barbour, Jr., Yazoo City, for appellants.
A.B. Amis, Newton, O.B. Triplett, Jr., Forest, for appellees.
HARPER, Justice:
This is an appeal from the Chancery Court of Newton County, Mississippi, awarding the appellees compensatory damages in the amount of $1,900 and punitive damages in the amount of $1,800. The suit began as an attachment in chancery charging the appellants with trespass of lands held by the appellees under lease with resulting damages occasioned by the trespass. A joint answer was filed on behalf of appellants, Oliver Tann and Leland Irby, and a joint answer was filed on behalf of appellants, Gordon Brent and Charles Wright.
The issues presented for determination are: (1) Whether the decree of the court *553 was contrary to the overwhelming weight of the evidence; (2) Whether the court was in error in finding Oliver Tann and Leland Irby were not independent contractors; and (3) Whether the court was justified in assessing punitive damages.
No good purpose would be served by detailing the testimony adduced on the trial in this cause. Suffice it to say, the testimony was in sharp conflict on the first two issues, but, all appellants were determined to be liable for the trespass and resultant damages. The decision of the chancellor on a finding of facts where the testimony is in conflict will not be disturbed on appeal unless manifestly wrong. Laher Spring & Electric Car Corp. v. Breckenridge, 221 So.2d 718 (Miss. 1969). This Court is not in a position to say the finding of the lower court on the question of liability was manifestly wrong.
The third issue for determination in this case is controlled by the decision of this Court in Capital Electric Power Association v. McGuffee, 226 Miss. 227, 83 So.2d 837 (1955). In the absence of express statutory provision, it is not the function of the chancery court to assess punitive damages.
We therefore hold that the lower court erred in awarding punitive damages in this case.
Affirmed as to liability and compensatory damages in the sum of $1,900 and reversed and rendered as to the assessment of punitive damages.
Affirmed as to liability and compensatory damages and reversed and rendered as to punitive damages.
ETHRIDGE, C.J., and BRADY, INZER and ROBERTSON, JJ., concur.