293 So.2d 421 (1974)
W.H. FAYARD, Jr., et al., Complainants-Appellants,
v.
E.E. FAYARD et al., Defendants-Appellees.
No. 47288.
Supreme Court of Mississippi.
March 18, 1974.
Rehearing Denied May 6, 1974.
*422 Johnston & Johnston, Biloxi, John S. Morris, Gulfport, for complainants-appellants.
Eaton, Cottrell, Galloway & Lang, Estes, Blackwell & Hunter, P.A., Gulfport, for defendants-appellees.
PATTERSON, Justice:
This is a stockholders derivative action from the Chancery Court of the First Judicial District of Harrison County. The appellants are W.H. Fayard, Jr., Dorothy Fayard Smith, Leta Joyce Fayard Blake and Bernadette Fayard Hansen. They brought suit against E.E. Fayard, John R. Fayard, Charles M. Fayard, A.C. Fayard, now deceased, Gulfport Transfer & Storage Company, Inc., O.K. Transfer & Storage Company, Inc., Fayard Moving & Transportation Corporation, Tulane Moving & Transportation Company, Inc., and Fayard Moving & Transportation Corporation of Louisiana. The cause has been revived in the name of Helen Hauer Fayard, the executrix of the estate of A.C. Fayard. The individual complainants and defendants are the children of Frances and W.H. Fayard, Sr., now deceased.
The complainants sought to enforce corporate rights and to remedy corporate wrongs alleged to have occurred because of improper management of the corporations by E.E. Fayard, John R. Fayard and Charles M. Fayard, and to a lesser degree A.C. Fayard.
The business out of which the present corporations sprang was founded by W.H. Fayard, Sr. and was continued after his death by his widow Frances until it was merged with the corporate business operated by the appellees. The trial consumed eighteen days and the record of the testimony, most of which is conflicting, is voluminous indeed, the assignments of error *423 alone embracing some twenty-one pages. After much study, we have reached the conclusion that the essential issues, stripped of argument, primarily relate to the resolution of fact by the trial court and the validity of a corporate restriction prohibiting the transfer of stock without the permission of all stockholders.
The issues, (1) that the appellees E.E., Charles M. and John R. Fayard paid themselves excessive salaries and bonuses without authority of law, (2) that the appellees acting as the board of directors erroneously failed and refused to pay dividends and (3) that the withdrawals by the appellees against their bonuses were illegal, were resolved against the appellants and this finding is supported by substantial evidence. We therefore are unable to state that the chancellor's finding of fact was manifestly erroneous, and this being true, he will be affirmed. Brent v. Cox, 246 So.2d 552 (Miss. 1971); and Laher Spring & Electric Car Corp. v. Breckenridge, 221 So.2d 718 (Miss. 1969).
The assignment of error bringing into focus the charter restriction prohibiting the transfer of stock without consent of the shareholders requires greater comment. These purchases were made by E.E., John R. and Charles M. Fayard from their brother A.C. Fayard on one occasion, from W.H. Fayard, Jr. on another, and finally, from Bernadette Fayard Hansen. The validity of these transactions is in doubt due to the following provision appearing in the corporate charter of Gulfport Transfer & Storage Company, Inc., a progenitor of the present corporations. It is:
The stock shall be subject to the provisions of the Uniform Stock Transfer Act subject to the condition that ownership of said stock or any share thereof may not be transferred on the books of the corporation unless permission from all other shareholders be first obtained in writing and submitted to the secretary of the corporation.
The appellees had knowledge of the restriction and concede that permission from the nonparticipating shareholders was not obtained for the transfers. Their testimony in explanation was that they thought the restriction had application only to transfers outside the family and moreover, each of the complainants had knowledge of the transactions, particularly W.H. Fayard, Jr. and Bernadette Fayard Hansen, since they were participants. A.C. Fayard did not challenge the validity of his transfer of stock and neither does his estate.
Corporate shares of stock are universally considered personal property and in the absence of valid restrictions the owner has an inherent right incident to ownership to sell and transfer at his will. 12 Fletcher Cyclopedia, Corporation (Perm. Ed.), section 5452 (1971). Restrictions upon the right to transfer were once regarded with disfavor by the courts upon the theory that they impinged upon the right to alienate personal property. As a general proposition today a majority of the courts will sustain the restrictions in close corporations which are determined to be reasonable in the light of the relevant circumstances. 2 O'Neal, Close Corporation, § 7.06 (1971). The underlying test for determining reasonableness is whether the restraint is sufficiently needed by the particular enterprise to justify overriding the general policy against restraints on alienation. 12 Fletcher Cyclopedia, Corporations (Perm.Ed.) § 5461.3 (1971).
Against this background several types of restraints on stock transfers have emerged as reasonable under circumstances persuasive of validity. Among these are (1) consent restraint, i.e., restrictions requiring the consent of the directors or of other shareholders or a designated percentage of one of these groups for transfer, (2) provisions limiting transfers to a specified class of persons, (3) first option provisions *424 or (4) options empowering a corporation, its officers, directors or other shareholders to purchase the shares of a holder on the happening of a specified event.
The restraint in this case is classified by the authorities to be that of "consent restraint." The trial court concluded the restraint to be "ironclad" and against public policy. He therefore invalidated it as an unreasonable restraint on alienations. We agree with the legal conclusion of the chancellor since each of the transfers now questioned was between members of the Fayard family with little probability of harmful results to the corporate business. We are of the opinion, however, that the corporate proscription against transfers should not have been totally invalidated since it had legitimate and reasonable purpose to prohibit transfers of stock outside the family which, if effected, would be likely to create disharmony within the family corporation, thus interfering with the corporate objective, the attainment of reasonable business profit.
Some of the factors considered by other courts in applying the reasonableness test include the following: (1) The size of the corporation, (2) the degree of restraint on the power to alienate, (3) the time the restriction is to remain in effect, (4) the method used in determining the transfer price of shares, (5) the likelihood of the restrictions contributing to the attainment of corporate objectives, (6) the possibility that a hostile shareholder would injure the corporation and (7) the likelihood of the restriction promoting the best interest of the enterprise as a whole. See Tracey v. Franklin, 31 Del. Ch. 477, 67 A.2d 56, 11 A.L.R.2d 990 (1949), wherein the Court in deciding the validity of a voting trust agreement discusses the varied aspects of public policy as it applies to restraints affecting the alienation or nonassignability of stock.
In applying these rules to the charter proscription and the present circumstances we conclude that it is not an unreasonable restriction upon the alienation of stock outside the family, but rather serves a legitimate purpose to protect the corporate objectives to the benefit of the family shareholders. It is our opinion, however, that the prohibition against transfers within the family without the permission of each shareholder is unduly restrictive in that it serves no reasonable purpose and is permissive to one dissenting shareholder thwarting the corporate business to the frustration of other shareholders by arbitrarily withholding consent, there being no charter or other provision for relief from such situation. In expressing this opinion we are aware that reasonable charter restrictions are permissible by the provisions of Mississippi Code 1942 Annotated section 5309-122 (Supp. 1972), now Mississippi Code Annotated section 79-3-105 (1972), our limited invalidation being based upon the unreasonableness of the restraint under the present family circumstances.
Complaint is made by the appellants, as it was below, of alleged wrongdoing by the managing officers in acquiring realty from the corporate assets, now referred to as the "telephone company" property. This property initially belonged to the corporation, but was declared surplus by its board of directors. It was then listed for sale with a real estate agent for $21,000. No purchasers being found by the real estate agent over a year's period, the managing officers bought it for $21,000. They then borrowed upon their individual credit and constructed a building on the premises which was leased to a telephone company, the rentals received from the lease being used for the retirement of the borrowed funds.
The complainants testified they were unaware of this transaction until it was revealed by an auditor in their employ. The individual appellees, in an attempt to settle this litigation, have reconveyed the property to the corporation and it is now an asset thereof. The corporate defendant, Fayard Moving & Transportation Corporation, has benefited to this extent by this *425 litigation, leaving it liable for attorneys' fees for the recovery of this asset.
We are of the opinion the cause should be affirmed, but remanded for an award of reasonable attorneys' fees.
Affirmed.
GILLESPIE, C.J., RODGERS, P.J., and INZER and BROOM, JJ., concur.