317 So.2d 61 (1975)
Winifred S. SANDERS
v.
Dewitt T. HICKS, Jr., Trustee for the use and benefit of James M. Lee and Wife, Flora S. Lee, et al.
No. 48112.
Supreme Court of Mississippi
July 21, 1975.
Threadgill & Smith, David L. Sanders, Columbus, for appellant.
Burgin, Gholson, Hicks & Nichols, John W. Crowell, Columbus, for appellees.
Before GILLESPIE, SMITH and WALKER, JJ.
*62 GILLESPIE, Chief Justice.
This is an appeal by Winifred S. Sanders (hereinafter Sanders) from an adverse decree of the Chancery Court of Lowndes County. She sought and was denied an injunction against Dewitt T. Hicks, Trustee, for the use and benefit of James M. Lee and wife, prohibiting the foreclosure of a deed of trust.
James M. Lee and his wife conveyed to David C. Johnson and wife, by warranty deed, a service station in Lowndes County. Johnson and wife executed a note payable to Lee and wife whereby the $30,000 purchase price would be paid in 179 installments of $167 each and a final installment of $107, with 8% interest after maturity. The note was secured by a deed of trust wherein Hicks was trustee with power to foreclose upon breach of any of the terms of the deed of trust. The deed of trust contained the following provision:
The within property shall not be sold or encumbered without the express written *63 consent of the within mortgagees, or their assigns.
On October 12, 1972, Johnson and wife sold the property to Winifred S. Sanders and executed a warranty deed conveying the property to Sanders subject to the indebtedness secured by the deed of trust given by the Johnsons to the Lees. The deed of trust containing the provision against alienation was on record when the Johnsons sold and conveyed the property to Sanders. Sanders bought with full knowledge of the provision requiring express written consent of the Lees before the property could be sold, and that the Lees had denied such consent.
On November 7, 1972, Hicks, Trustee, began foreclosure proceedings and Sanders filed her bill of complaint for an injunction, averring that the provision in the deed of trust requiring the mortgagee's written consent to a sale of the property was an invalid restraint on alienation.
Sanders made timely tender of the monthly payments according to the terms of the note and deed of trust. Nevertheless, the beneficiaries initiated foreclosure because of the violation of the provision requiring consent before sale. In their answer the trustee and the beneficiaries under the deed of trust did not contend, and the proof did not show, any impairment of the security or that the sale to Sanders constituted a threat to any of the beneficiaries' legitimate interests. (After the sale from the Lees to the Johnsons, and before the foreclosure attempt, $12,500 was spent improving the property.) The answer did state that the note did not bear interest until default, and the Johnsons did not have the means to pay interest; and that the restriction against sale was necessary to prevent a party of substantial means, such as Sanders, from unjustly and inequitably taking advantage of the contractual concession made to the Johnsons. This reason for the restriction is totally without merit, and the Court will proceed to determine the enforceability of the restriction as one unrelated to any threat to the legitimate interests of the beneficiaries.
The question is whether a provision in a security instrument that the fee owner may not sell or encumber real property without the written consent of the mortgagee is enforceable when the restraint is not related to any threat to the legitimate interests of the mortgagee.
The underlying purposes accomplished by the rule against perpetuities and the rule against restraints on alienation are the same. In Re Estate of Kelly, 193 So.2d 575 (Miss. 1967). The rule in this state as concerns restraints on alienation of life estates is controlled by Mississippi Code Annotated section 89-1-15 (1972). Otherwise the common-law rule has not been changed.
The general common-law rule is that exclusion of property from the channels of commercial development for extended periods of time is a public evil. 61 Am.Jur., Perpetuities and Restraints on Alienation, § 7 (1972). And it is a wellestablished rule that restraints on alienation are not favored and are strictly construed.
A recent development of the law involves the application of the rule against restraints on alienation to restraints imposed on the fee owner by security instruments.[1]
The case is one of first impression in this jurisdiction. Although this Court has not spoken directly to the issue involved in the case under consideration, it recently held that as an incident to ownership the owner of personal property has an inherent right to sell and transfer personal *64 property, and applied the test of reasonableness in determining the validity of a restraint on alienation. Fayard v. Fayard, 293 So.2d 421 (Miss. 1974). Fayard is pertinent to the present inquiry since the principles of law which prevent a person from imposing restraints on alienation apply equally to personal property and to real estate. 61 Am.Jur., Perpetuities and Restraints on Alienation, § 114 (1972).
After reviewing some of the considerable volume of current literature on the subject and the cases from other jurisdictions decided since mortgagees began imposing retraints on alienation on borrowers, we hold that such retraints are not per se invalid, and that such a restraint may be valid, depending upon whether it is reasonable under the circumstances. The cases from other jurisdictions closest in point include those where the restraints consist of provisions accelerating all sums owing on the secured debt upon sale or encumbrance of any part of the property constituting the security for the debt. Tucker v. Pulaski Federal Savings & Loan Ass'n., 252 Ark. 849, 481 S.W.2d 725 (1972); Baltimore Life Insurance Co. v. Harn, 15 Ariz. App. 78, 486 P.2d 190 (1971); Tucker v. Lassen Savings & Loan Ass'n., 12 Cal.3d 629, 116 Cal. Rptr. 633, 526 P.2d 1169 (1974); Lieberbaum v. Surfcomber Hotel Corp., 122 So.2d 28 (Fla.App. 1960).
We hold that the restraint on alienation in the deed of trust involved in this case, which has no relation to any threat to the legitimate interests of the mortgagee, is invalid. As to what would constitute a threat to a mortgagee's legitimate interests is not before us; the development of the law in this respect must abide future cases.
This case was considered by a conference of the Judges en banc. The decree of the trial court is reversed and judgment entered here enjoining foreclosure of the deed of trust.
Reversed and rendered.
All Justices concur.
NOTES
[1] Volkmer, The Application on the Restraints on Alienation Doctrine to Real Estate Property Security Interests, 58 Iowa L.Rev. 747 (1973). This article contains an exhaustive discussion of various aspects of the subject.