PATTERSON, Chief Justice,
for the Court:
This is an appeal from the Chancery Court of Marion County wherein Mrs. Dorothy Keller, hereinafter Keller, sought from Citizens Bank of Columbia, hereinafter Bank, (1) forfeiture of the principal and interest in a promissory note; (2) cancellation of the deed of trust securing it as well as antecedent deeds of trust renewed and extended by the note; and (3) damages of $50,000.00, together with court costs and attorneys’ fees.
From an adverse decree Keller appeals contending the trial court erred:
1. In finding Keller’s execution of a promissory note and deed of trust dated June 26,1978, constituted a waiver that the statute of limitations had barred a previous indebtedness of Keller and her former husband evidenced by a judgment of May 8, 1970, in the Circuit Court of Marion County.
2. In finding that Section 75-17-1 of the Mississippi Code Annotated (1972) as amended, which provides for interest according to the actuarial method, permits the compounding of interest.
3. In finding that none of the instruments contracted for usurious interest and in finding there was no evidence indicating any intent by Bank to exact usurious interest.
4. In finding “that the calculation of simple interest on the indebtedness evidenced by the judgment at 10% simple interest for the period of May 8, 1970, through May 8, 1975, and compound interest after May 8, 1975, to June 26, 1978.”
In 1978, Keller executed to the Bank a promissory note, deed of trust securing the note, truth-in-lending disclosure form, and a memorandum typed by Ben Rawls, the Bank’s president. Keller contends she executed these documents on May 31; Rawls contends they were signed on June 19 whereas the date appearing on the face of the loan documents is June 26, 1978. The date on the memorandum is June 19, 1978. These documents, except for the memorandum, were signed in blank. Rawls testified Keller requested that she be permitted to sign in blank because she was in a hurry; however, Keller testified that Rawls asked her to sign in blank because he didn’t have time to complete them.
The memorandum evidences the purpose of the above transaction:
“please use attached note and truth in lending form and deed of trust to renew and extend for a six month period the entire balances owing by me to your bank, evidenced by notes held by you signed by me, with credit life insurance to be written if possible.
At the end of six months all notes, whenever dated, to be renewed again on monthly payments.
6-19-78n
/s/ Dorothy Keller”
The purpose of the transaction was to consolidate into one note Keller’s debts to the Bank. This note did not itemize the consolidated debts, but simply designated the total amount due to be $18,975.25.
*1334 Rawls testified the amount of the June 26 note was the sum of several component parts namely: (1) the renewal of an existing note held by the Bank on which there remained a balance of $361.00; (2) the inclusion of $6,965.80 paid by the Bank to Foxworth Bank for the assignment of a deed of trust executed by Keller to the assigning bank; (3) the balance, $2,305.75, of another promissory note owing by Keller to the Bank; (4) credit life insurance of $165.00; (5) recording fees of $6.00; and (6) $8,171.70, the amount computed by Bank’s president to be the unpaid balance of Keller and her former husband on a judgment of May 8, 1970. Two days after the note’s execution the total was discovered to be in error by $1000.00 and accordingly, the indebtedness was reduced in that amount.
The controversy centers on the amount of the consideration now owing the Bank by Keller emanating from the May 8, 1970, judgment which resulted from Keller and her former husband’s failure to pay a previous indebtedness to the Bank. The judgment for $4,343.02 with interest computed until the note of June 26, 1978, was included as a component part of the total indebtedness of $18,975.25 on the new note. Rawls testified that when he originally computed interest on the judgment for inclusion in the new note he compounded the interest, but when Keller’s attorney protested, the amount was adjusted to simple interest.
Keller testified she had no knowledge the 1970 judgment was being included in the new note. Rawls testified they did discuss the earlier judgment and a letter was introduced from Rawls to Keller dated June 21, 1978, five days before the promissory note of June 26, 1978. It states in part:
I have worked out the balance owing on the judgment, based on the note signed by you and your former husband, being $8,171.70 as of next Monday.
Your total balance owing to us, will then be $18,804.25.
Rawls explained this letter as follows:
A. This advises Mrs. Keller as to the balance owing on the judgement [sic] indebtedness as of the following Monday, which would, I assume, be June 26, 1978, as being $8,171.70. The purpose was to advise her that the calculations that were necessary to arrive at the balance and the total balance of the indebtedness had been completed and to give her the benefit of that information.
Q. And, that is dated some five days before the loan would become effective?
A. That is correct.
Keller denied receiving this letter. However, Rawls testified it was never returned to the Bank as undelivered. Keller admitted receiving another letter from Rawls of June 26, 1978, which mentioned the judgment. It follows:
“Dear Dorothy:
Your indebtedness to the bank (not including the note you endorsed) and your indebtedness previously owing to Fox-worth Bank, have now all been renewed into one note, with credit life insurance written, and with a six months maturity.
At the end of the six month period, we will renew the note, at your option, on a monthly payment schedule, and with payment of the amount of interest accrued and credit life insurance premium needed. That sum will be approximately $1,100.00.
Please furnish to us the current address, telephone number, place of employment, etc., for Lydie Llew (Bob) Keller, now in Georgia, in construction work so you advised. The indebtedness yet owing on the note signed by him and you, reduced to judgment in the Circuit Court of Marion County, Mississippi, has to be taken care of sooner or later.
Sincerely yours,
Ben Rawls”
Rawls explained this letter:
A. Mrs. Keller had requested, and we had volunteered as between she and Mr. Keller to assist her in having him make the payments. That is really the intent of that letter. That is what it eludes to. She was to bring *1335 information as to his whereabouts, and we were to pursue it. Whatever we collected from Mr. Keller, would have been credited on the note that we had.
The lower court found, inter alia, the following:
1.That on June 19, 1978, the complainant, Dorothy Keller, requested Ben M. Rawls, President of Citizens Bank, in writing to permit her to sign the promissory note, deed of trust and loan closing statement in blank with the amount due to be subsequently calculated and inserted in the instrument as a convenience to her and the complainant did there appoint said Ben M. Rawls as her agent to complete said instrument; that by letter of Ben Rawls dated June 21, 1978, complainant was advised the amount of indebtedness due on the deficiency judgment and the total amount owing unto Citizens Bank provided in said note and deed of trust to become effective June 26, 1979 [sic]; that complainant’s acceptance of said amount and renewal of her indebtedness to Citizens Bank and her failure to question or object to said amounts and renewal prior to June 26, 1978, and subsequent thereto for over six (6) months constituted ratification of said note and deed of trust.
2. That usurious rate of 'interest during the period commencing May 8, 1970, and ending June 26, 1978, was 10%; that effective July 1, 1974, Section 75-17-1 of the Mississippi Code of 1972, as amended, provided for interest “calculated according to the actuarial method”, which in effect permits compounding of interest; that the calculation of simple interest on the indebtedness evidenced by the aforesaid judgement [sic] at 10% simple interest for the period of May 8,1970, through May 8,1975, and compound interest after May 8, 1975, to June 26, 1978, results in permitted interest charge of $4,415.34; that calculation of 8% compound interest on said indebtedness as included in the renewal note of June 27, [sic] 1978, amounts to $3,828.68, or an amount considerably less than allowed by law.
3. That the total indebtedness owing unto defendant, Citizens Bank, by the complainant, Dorothy Keller, as of September 22, 1979, is $20,492.90, computed as follows, to-wit:
As of 6-26-78: Renewal, consisting of:
Note $ 361.00
Foxworth Bank notes 6,965.80
Note 2,305.75
Life Ins. prem. 165.00
Recordation 6.00
Judgment: principal 4,343.02
Interest (reduced as per Gray) 2,853.15
$16,999.72 $16,999.72
6-28-78 Plus NSF check added 25.00 17,024.72
8-22-78 1-30-79 Plus separate note Legal 656.00 75.00 17.680.72 17.755.72
2-3-79 Legal 75.00 17.830.72
2-23-79 Publication 42.96 17.873.68
2-28-79 2-28-79 Legal Trustee 250.00 50.00 18.123.68 18.173.68
3-5-79 Publication 23.52 18,197.20
3-30-79 Publication 59.65 18,256.85
Interest from 6-26-78 to 9-22-79 10* simple $2,236.05 20,492.90
Amount of interest included in total
Judgement [sic] interest 2,853.15
Note interest 2,236.05
Total interest • 5,089.20
*1336 We are of the opinion the trial court properly considered the judgment of May 8, 1970, which was barred by the statute of limitations, in determining Keller’s liability to the Bank. We think so because the defunct judgment was a sufficient basis to form the consideration for a component part of the new obligation effective June 26, 1978. Section 15-1-3, Mississippi Code Annotated (1972), is authoritative on the point. It provides:
The completion of the period of limitation prescribed to bar any action, shall defeat and extinguish the right as well as the remedy. However, the former legal obligation shall be a sufficient consideration to uphold a new promise based thereon. (emphasis added).
The trial court found Keller was fully advised of all sums alleged by the Bank to be due, which included the consideration emanating from the barred judgment of May 8, 1970, and in accord with established rule the decision of a chancellor on findings of conflicting facts will not be disturbed on appeal unless manifestly wrong. Brent v. Cox, 246 So.2d 552 (Miss.1971). In the case at bar the chancellor had the parties before him, heard their testimony and decided Keller was advised of the amount of the consideration for the new note. We cannot say the lower court was manifestly wrong on this point.
However, we are of the opinion, the trial court erred in computing the amount of the consideration arising from the-1970 judgment. Section 15-1-3, supra, provides “the former legal obligation” is sufficient for a new promise (obligation) based thereon. This leaves the amount of the former legal obligation, the consideration for the new promise, to be decided. Obviously, the judgment debt of May 8, 1970, was barred at the expiration of seven years. Section 15-1-43, Mississippi Code Annotated (1972) provides:
All actions founded on any judgment or decree rendered by any court of record in this state, shall be brought within seven years next after the rendition of such judgment or decree, and not after, and an execution shall not issue on any judgment or decree after seven years from the date of the judgment or decree.
It is our opinion that when the principal judgment debt was barred it necessarily followed that interest on the defunct judgment was also barred. Stated differently, when the judgment debt expired because of limitations, the basis for further accruals of interest also expired. As stated in Proctor v. Hart, 72 Miss. 288, 290-91, 16 So. 595, 596 (1895), in discussing a predecessor statute to Section 15-1-3:
The change wrought by this new statute is radical. Not only the remedy is denied, the action barred, but the right itself is extinguished upon the completion of the period of limitation. The remedy and the right, whatever it was, are alike destroyed. There remains nothing to revive. A new contract, evidenced by a new promise in writing, may be made, and the former legal obligation may be sufficient consideration to uphold it, but it is no longer the revivifying of a right heretofore unenforceable by reason of a remedy being denied merely. It is a new contract based upon the former legal liability as its consideration; it is the creation of a new right and a new remedy for its enforcement. The extinguished right, the original debt and all its incidents, as well as the lost remedy, are all destroyed, upon the completion of the period of limitation, under our present statute.
The promissory note made by the appellant to the appellees, after the bar had attached, is clearly such a new promise as creates personal liability, but it does no more. It does not revive and restore a dead debt with all its incidents, (emphasis added).
Therefore, the former legal obligation, which served as consideration in part for the new note, was limited in amount to the principal of the judgment plus interest for the statutory limitation period of seven years in our opinion.
As stated earlier, Rawls testified that when he originally computed interest on the *1337 judgment he charged an interest rate of 8% compounded. However, when Keller’s attorney protested, the amount was adjusted to 8% simple. Furthermore, the lower court left the interest on the judgment as reduced by Keller’s attorney. It should be noted that the time to determine if a transaction is usurious, is the time of the contract and not the subsequent in-court correction. Chandler v. Cooke, 163 Miss. 147, 137 So. 496 (1931).
We think the Bank’s original computations as to the rate of interest were not in accord with that permitted by statute because it was compounded. The interest rate permitted on the viable period of the 1970 judgment, which was founded on a 1969 contract, is set forth in Mississippi Code Annotated, Section 39 (1942) [revised Mississippi Code Annotated, Section 75-17-7 (1972) and (Supp. 1980)], which provides in part:
All judgments and decrees founded on any contract, shall bear interest, after the rate of the debt on which the judgment or decree was rendered.
From the record it appears that the note leading to the 1970 judgment provided for interest of 8% per annum. Therefore, interest should have been charged at the contract rate of 8% per year for seven years to determine the amount of the former legal obligation.
In sum, the 1970 judgment was barred by the statute of limitations; although, its skeletal remains could and did serve as consideration for part of the new note. However, the trial court erred in computing the interest because it did not limit the accrual of interest to the seven year period. Therefore, we reverse and remand for such further findings as may be necessary to recompute the amount of the consideration for the new debt in accord with this decision. We also remand for a determination of whether the consideration arising from the former legal obligation is an item subject to a charge of usury within the contemplation of Miss. Code Ann., Section 75-17-1 (1972) (current version at 1980 Supp.), which provides for the legal rate of interest on all “notes, accounts and contracts” and if so, whether the component part only is usurious or whether usury permeates the entire note.
AFFIRMED IN PART; REVERSED IN PART AND REMANDED.
SMITH and ROBERTSON, P. JJ., and SUGG, WALKER, LEE, BOWLING, and HAWKINS, JJ., concur.
BROOM, J., takes no part.